UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURA MARTIN Individually, and as Personal Representative of the Estate of Z.M., her deceased minor daughter, ELBERT MARTIN, LINDA MARTIN, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, BRIAN BOZIK solely in his capacity as biological father of Z.M., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) No. 1:19-cv-00628-JPH-MG ) ) ) ) ) ) ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

A Ford Explorer was rear-ended in an accident that involved the death of seven-year-old passenger Z.M. Z.M.'s family has sued Ford, alleging that a defect in the vehicle caused Z.M.'s death. Ford has filed a motion for partial summary judgment, arguing that the undisputed evidence shows that Nonparty Robert Kearney was negligent. Dkt. [56]. For the reasons below, that motion is **GRANTED**.

I.
Facts and Background

Because Ford has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

1

On October 13, 2017, Robert Kearney crashed into the back of the Martin family's 2014 Ford Explorer, which Plaintiff Linda Martin was driving. Dkt. 58-18 at 11:17-21; dkt. 57 at 2–3; dkt. 58-3 at 4. Linda's husband, Elbert, sat in the Explorer's front passenger seat with their granddaughter, 7-year-old Z.M., directly behind Linda. *Id.* After the initial rear-end collision, the Explorer spun across highway traffic and lightly struck a third vehicle. *Id.* The Explorer's rear then collided with the concrete barrier in the middle of the highway, stopping the vehicle. *Id.* at 4, 17.

During the accident, the driver's seat bent backwards, and Ms. Martin's head hit Z.M.'s head. *Id.* at 20, 24–26. Z.M. died of her injuries one week later. *Id.* at 14. The Marion County Coroner's Office identified blunt-force head injuries as the cause of Z.M.'s death. Dkt. 58-4 at 7.

Accident-reconstruction experts determined that, at the time of the accident, Mr. Kearney was "weaving between lanes" and traveling around 75 miles per hour. Dkt. 58-5 at 13–14. For these actions, he pleaded guilty to reckless homicide in Indiana state court. Dkt. 58-8; dkt. 58-9; dkt. 58-10. Mr. Kearney has admitted under oath that he "missed the cars in front of [him]" and "didn't see the cars stopped." Dkt. 58-18 at 25:4–7, 69:10–15.

Plaintiffs sued Ford for products liability, negligence, and gross negligence, dkt. 1-1; dkt. 33, and Ford removed the case to this Court, dkt. 1. Plaintiffs did not name Mr. Kearney as a defendant, but Ford named him as a nonparty potentially at fault in its affirmative defenses. Dkt. 35 at 16 ¶ 4. Ford then moved for partial summary judgment on punitive damages and Mr.

Kearney's negligence. Dkt. 56. Plaintiffs have since withdrawn their claim for punitive damages, dkt. 68, leaving only Ford's motion for summary judgment on its affirmative defense.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). Indiana substantive law governs this case, so the Court must do its "best to predict how the Indiana Supreme Court would decide" the issues. *Webber v. Butner*, 923 F.3d 479, 480–82 (7th Cir. 2019)

## III.
## Analysis

"Under Indiana's Comparative Fault Act, a defendant may reduce [its] tort liability by showing that the plaintiff's damages were caused in full or in part by a non-party." *Allied Signal, Inc. v. Acme Service Corp.*, 946 F.2d 1295,

1296 (7th Cir. 1991); *see* Ind. Code § 34–51–2–14. The Comparative Fault Act "require[s] consideration of the fault of all persons who caused or contributed to cause the harm." *Green v. Ford Motor Co.*, 942 N.E.2d 791, 795 (Ind. 2011) (internal citations omitted). "The determination and allocation of each party's proportionate fault is a question for the trier of fact, except where there is no dispute in the evidence and the fact finder could come to only one conclusion." *Id.*

Here, the parties agree that allocation of fault is for a jury to decide. Dkt. 68 at 8; dkt. 66 at 1. Ford argues that it is entitled to partial summary judgment because Mr. Kearney's negligence is established as a matter of law. Dkt. 57 at 22–23; dkt. 66 at 1. Plaintiffs respond that there are disputed issues regarding whether Mr. Kearney was a proximate cause of Z.M.'s injuries and death. Dkt. 68 at 1.

In comparative fault actions, the "jury may allocate comparative fault only to those actors whose fault was a proximate cause of the claimed injury." *Green*, 942 N.E.2d at 795. To be considered a proximate cause, Mr. Kearney's "negligent act must have set in motion a chain of circumstances that in natural and continuous sequence le[d] to the resulting injury." *Carey v. Ind. Physical Therapy, Inc.*, 926 N.E.2d 1126, 1129 (Ind. Ct. App. 2010).

Plaintiffs' experts found that the initial impact with Mr. Kearney's vehicle set in motion a chain of events that culminated with Plaintiffs' Explorer colliding with the concrete median. Accident reconstructionist Paul Lewis' report explains that, "[a]s a result of the interaction with [Kearney's] Chevrolet,"

Plaintiff's Ford spun counterclockwise, towards the center median divider. Dkt. 58-3 at 17. And engineer Steven Meyer's report refers to the events as an "accident sequence," dkt. 58-6 at 8, and concluded that Plaintiffs' Explorer, "was struck from behind by [Kearney's vehicle] causing the Ford Explorer to spin out and impact the center divider," *id.* at 4.

Plaintiffs point to Mr. Lewis' report as evidence that Z.M.'s head injuries were not caused by the initial contact with Mr. Kearney's vehicle, but instead were caused by the failure of the Explorer's seat following its collision with the concrete median. *See* dkt. 58-3 at 20 ("The initial rear impact . . . [was] not causal nor contributory to [Z.M.'s] fatal head injuries."). This report, however, does not deny that Mr. Kearney's actions "set in motion a chain of circumstances that in natural and continuous sequence le[d] to the resulting injury." *Carey*, 926 N.E.2d at 1129. And Mr. Kearney admitted as much under oath when he stated that he "missed the cars in front of him," and that, had he seen the cars, "[the accident] probably wouldn't have been as bad as it was." Dkt. 58-18 at 68:10–15.

Thus, because "there is no dispute in the evidence" that Mr. Kearney's actions at least "contributed to cause" Plaintiffs' harm, Ford is entitled to summary judgment on that issue. *See Green*, 942 N.E.2d at 795. As Ford acknowledges, the allocation of fault is a task reserved for the jury. *See id.* ("The Comparative Fault Act entrusts the allocation of fault to the sound judgment of the fact-finder.").

## IV.
## Conclusion

Ford's motion for partial summary judgment on Nonparty Robert Kearney's negligence is **GRANTED**. Dkt. [56]. Magistrate Judge Garcia is asked to hold a status conference to discuss settlement and trial readiness.

**SO ORDERED.**

Date: 8/26/2021

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

Mark H. Boyle
DONOHUE BROWN MATHEWSON & SMYTH
boyle@dbmslaw.com

Jeff S. Gibson
WAGNER REESE, LLP
jgibson@wagnerreese.com

Francisco Guerra, IV
WATTS GUERRA LLP
fguerra@wattsguerra.com

Jason Ruskin Reese
WAGNER REESE, LLP
jreese@WagnerReese.com

Kevin C. Schiferl
FROST BROWN TODD LLC (Indianapolis)
kschiferl@fbtlaw.com

Blake N. Shelby
FROST BROWN TODD LLC (Indianapolis)
bshelby@fbtlaw.com

Shalimar S. Wallis
WATTS GUERRA LLP
swallis@wattsguerra.com


Magistrate Judge Garcia